# United States Court of Appeals for the Federal Circuit

---

CONSOLIDATION COAL COMPANY, CONSOL OF PENNSYLVANIA COAL COMPANY, CONSOL OF KENTUCKY INC., EIGHTY FOUR MINING COMPANY, HELVETIA COAL COMPANY, ISLAND CREEK COAL COMPANY, KENT COAL MINING COMPANY, KEYSTONE COAL MINING CORPORATION, LAUREL RUN MINING COMPANY, MCELROY COAL COMPANY, NINEVEH COAL COMPANY, QUARTO MINING COMPANY, EAGLE ENERGY, INC., ELK RUN COAL COMPANY, INC., GOALS COAL COMPANY, GREEN VALLEY COAL COMPANY, INDEPENDENCE COAL COMPANY, INC., KNOX CREEK COAL CORPORATION, MARFORK COAL COMPANY, INC., MARTIN COUNTY COAL CORPORATION, PEERLESS EAGLE COAL COMPANY, PERFORMANCE COAL COMPANY, RAWL SALES & PROCESSING COMPANY, SIDNEY COAL COMPANY, INC., STONE MINING COMPANY, JIM WALTER RESOURCES, INC., EASTERN ASSOCIATED COAL CORPORATION, KINGSTON RESOURCES, INC., PIONEER FUEL CORPORATION, POWDER RIVER COAL COMPANY, APOGEE COAL COMPANY, ARCH WESTERN RESOURCES, LLC, CONYON FUEL COMPANY, LLC, CATENARY COAL COMPANY, COAL-MAC, INC., DAL-TEX COAL CORPORATION, HOBET MINING, INC., MINGO LOGAN COAL COMPANY, PAYTER BRANCH MINING, INC., PLATEAU MINING CORPORATION, RAG

**CUMBERLAND RESOURCES, L.P., RAG EMERALD RESOURCES, L.P., TWENTYMILE COAL COMPANY, COASTAL COAL COMPANY, LLC, COASTAL COAL-WEST VIRGINIA, LLC, EVERGREEN MINING COMPANY, MID-VOL LEASING, INC., MOUNTAINEER COAL DEVELOPMENT COMPANY, OLD BEN COAL COMPANY, SHIPYARD RIVER COAL TERMINAL COMPANY, RIVERSIDE ENERGY, INC., VIRGINIA CREWS COAL COMPANY, CLINTWOOD ELKHORN MINING COMPANY, GATLIFF COAL COMPANY, PREMIER ELKHORN COAL COMPANY, PERRY COUNTY COAL CORPORATION, GLAMORGAN COAL COMPANY, LLC, TERRY EAGLE, L.P., NICHOLAS-CLAY LAND & MINERAL, INC., NICHOLAS-CLAY COMPANY, LLC, ANDALEX RESOURCES, INC., GENWAL RESOURCES, INC., PACIFIC COAST COAL COMPANY, USIBELLI COAL MINE, INC., WEST RIDGE RESOURCES, INC., UNITED STATES STEEL MINING COMPANY, LLC AND COVENANT COAL CORPORATION**
*Plaintiffs-Appellants,*

AND

**WELLMORE ENERGY COMPANY, LLC (FORMERLY KNOWN AS RAPOCA ENERGY COMPANY, LLC)**
*Plaintiff-Appellant,*

v.

**UNITED STATES**
*Defendant-Appellee.*

—————————————

2009-5083

—————————————

Appeal from the United States Court of Federal Claims in 01-CV-254 and 01-CV-442, Senior Judge Bohdan A. Futey.

—————————————

Decided: August 2, 2010

—————————————

STEVEN H. BECKER, Baker & McKenzie, LLP, of New York, New York, argued for all plaintiffs-appellants. With him on the brief were SUZANNE I. OFFERMAN, LINDSAY A. MINNIS and CHARLES H. CRITCHLOW. JOHN Y. MERRELL, JR., Merrell & Merrell, P.C., of McLean, Virginia, for plaintiff-appellant Wellmore Energy Company, LLC.

TODD M. HUGHES, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TARA K. HOGAN, Trial Attorney. Of counsel was DANIEL W. KILDUFF, Office of the Solicitor, Department of the Interior, of Washington, DC.

—————————————

Before LOURIE, FRIEDMAN, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*.

The appellants in this case, a group of operators in the coal mining industry, appeal from the United States Court of Federal Claims' grant of summary judgment that certain regulations that implement the Surface Mining Control and Reclamations Act of 1977 (SMCRA) reclamation fee do not violate the Export Clause of the Constitution. We affirm.

## BACKGROUND

This is the third opinion we have issued in this long-pending case. We explained the factual background in our previous opinion. *See Consolidation Coal Co. v. United States*, 351 F.3d 1374 (Fed. Cir. 2003) (*Consol I*). Following our remand in *Consol I*, the Court of Federal Claims granted summary judgment in favor of the plaintiff coal producers on the issue of liability. *Consolidation Coal Co. v. United States*, 64 Fed. Cl. 718 (2005) (*Consol II*). We reversed on June 11, 2008, holding that the statutory fee was on "coal extracted" rather than "coal sold" and thus not an unconstitutional tax on exports. *Consolidation Coal Co. v. United States*, 528 F.3d 1344 (Fed. Cir. 2008) (*Consol III*). On remand, the appellants (Consol, collectively) argued that *Consol III* only determined the constitutionality of the statute and separately argued the constitutionality of the implementing regulations. The Court of Federal Claims disagreed with the appellants that *Consol III* did not decide the constitutionality of the regulations and entered summary judgment in favor of the government on March 4, 2009. *Consolidation Coal Co. v. United States*, 86 Fed. Cl. 384 (2009) (*Consol IV*). This appeal followed.

DISCUSSION

We review the Court of Federal Claims' grant of summary judgment and determinations of our scope of remand without deference. *Old Stone Corp. v. United States*, 450 F.3d 1360, 1367 (Fed. Cir. 2006); *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997). Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

In *Consol IV*, the Court of Federal Claims determined that "the Federal Circuit [in *Consol III*] already addressed and resolved the constitutionality of both the reclamation fee statute and its implementing regulations." *Consol IV*, 86 Fed. Cl. at 389. It held that because we determined that "coal produced" in the statute means "coal extracted," then the phrase must have the same definition in the regulations. *Id.* It pointed to the fact that our opinion in *Consol III* discussed the "application" of the statute and the "method" by which OSM collects fees. *Id.* The Court of Federal Claims stated that this showed that we explicitly considered both the statutes and the implementing regulations.

The Court of Federal Claims also found that even if we did not reach the issue explicitly in *Consol III*, we determined the issue by "necessary implication." *Int'l Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353 (Fed. Cir. 2008) (holding that remand to determine a substantive issue necessarily decided a related procedural issue). The Court of Federal Claims held that because we found the statute constitutional in *Consol III* in spite of Consol's

arguments there regarding the regulations, Consol cannot now be heard on the constitutionality of the regulations.

On appeal, Appellants argue that the Court of Federal Claims erred in determining that our decision in *Consol III* determined the constitutionality of the regulations at issue. They point to the *Consol III* opinion that states "the only question before this court is one of statutory interpretation of 30 U.S.C. § 1232(a)." *Consol III*, 528 F.3d at 1347.

The government responds that the Court of Federal Claims was correct; we considered the "application" of the statute and the "method" of collecting the reclamation fee; this is the equivalent of considering the implementing regulations. It also points out that in *Consol III* we cited the regulation in question as part of our analysis. *See id.* at 1347.

We will address directly the parties' arguments regarding the constitutionality of the implementing regulations. In *Consol III*, we held that the doctrine of constitutional avoidance required us to construe the phrase "coal produced" in 30 U.S.C. § 1232(a) to mean "coal extracted." *Id.* at 1348. Appellants argue that although this definition applies to the statute, the regulations implemented by the Office of Surface Mining apply the fee to coal sold. As an example, appellants point to 30 C.F.R. § 870.12(a)-(b)(3)(iii) which states in pertinent part:

> (a) The operator shall pay a reclamation fee on each ton of coal produced for sale, transfer, or use, including the products of in situ mining.

> (b) The fee shall be determined by the weight and value at the time of initial bona fide sale, transfer of ownership, or use by the operator.

Appellants argue that because OSM collects the reclamation fee at the time of sale, it is necessarily a tax on "coal sold" rather than "coal extracted" regardless of the meaning of the term in the statute.

On the other hand, the government argues that liability under SMRCA incurs at the time of extraction; the collection of the fee is merely delayed until the time of sale, when operators typically weigh coal. The government argues that the time of collection cannot convert a constitutional tax or fee to an unconstitutional one, citing *Liggett & Myers Tobacco Co. v. United States*, 299 U.S. 383 (1937). In *Liggett*, the taxpayer was a manufacturer of tobacco and disputed a tax based on weight that applied to its product at the time of sale or removal from the factory. *Id.* at 385. Liggett sold the tobacco in question to the Commonwealth of Massachusetts for use at a state hospital. *Id.* Liggett and the Commonwealth argued that any tax on the sale amounted to an improper imposition of a tax on the Commonwealth. *Id.* The Court held that this was not a tax on sale, but a proper tax on manufacture. *Id.* at 386. Although the statute delayed the collection of the tax from the time of manufacture to the time of sale or removal from the factory, this did not make it unconstitutional. *Id.* The Court found that the timing of the tax "mitigate[s] the burden" on manufacturers and "indicates no purpose to impose the tax upon . . . sale." *Id.*

Appellants respond that *Liggett* is not applicable because the coal extracted is not the same product that the operators later sell. They argue that between extraction and sale, certain impurities like oil and antifreeze may accumulate,[1] while the operators remove other materials like dirt and rock that come along with coal as extracted.

---

[1]   30 C.F.R. § 870.18 allows for deduction for excess moisture accumulated between extraction and sale.

Although the extracted coal along with dirt and rock may be heavier – and thus subject to a higher fee – the appellants argue that this is the proper basis for the reclamation fee. The appellants also argue that this is a tax on sale rather than extraction because coal that an operator never sells will never be subject to the fee.[2]

Appellants' arguments in this appeal regarding the language of the regulation are much the same as those made in *Consol III*. Using the same canon of construction, the doctrine of constitutional avoidance, we hold that the regulations implementing SMCRA do not violate the Export Clause. *See Edward J. DeBartolo Corp. v. Fla. Gulf Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988). The regulations, like the statute, use the term "coal produced," and we conclude that this term in the regulation must be construed consistent with the identical term in the statute. "Coal produced" applies to "coal extracted" rather than "coal sold."

The decision by OSM to delay collection of the reclamation fee to the time of sale simply "mitigate[s] the burden" on operators by not requiring the installation and use of weighing equipment at the time of extraction. Appellants' arguments regarding the change in weight between extraction and sale are not persuasive. In *Liggett*, the Court did not differentiate between an organic product like tobacco that could change weight and other products that could not. We see no reason to do so here.[3]

---

[2] Our decision in *Consol III* addresses appellants' alternative arguments regarding *Drummond Coal Co. v. Hodel*, 796 F.2d 503 (D.C. Cir. 1986). *Consol III*, 528 F.3d at 1347.

[3] The government persuasively argues that the weight at the time of sale, without dirt and rocks, is a more accurate representation of the amount of "coal extracted" than if the operators took the weight at the

The liability incurs at the time of extraction, and OSM merely collects the fee at the time of sale. The practice of stockpiling – holding product that never sells – should not change the result. If an operator extracts coal, but chooses not to sell it, it still incurs liability; the stockpiling simply creates a collection issue for OSM.

We hold that all of OSM's challenged regulations for collecting the reclamation fee under SMCRA, like the statute itself, apply to "coal extracted" and do not violate the Export Clause.

### AFFIRMED

---

time of extraction. We agree that it would appear contrary to our decision in *Consol III* to levy a fee on dirt and rocks as part of "coal extracted."