**CLINCHFIELD COAL CO., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 02–69 C.

United States Court of Federal Claims.

Dec. 20, 2011.

Robert M. Rolfe, Richmond, VA, for plaintiffs.

Tara K. Hogan, United States Department of Justice, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Todd M. Hughes, Deputy Director, Washington, DC, for defendant. Daniel W. Kilduff, United States Department of the Interior, Washington, DC, of counsel.

## OPINION

BUSH, Judge.

The court now has before it plaintiffs' motion to continue stay, filed October 14, 2011.[1] In their motion, plaintiffs suggest that a recently filed case in the United States District Court for the District of Columbia should be resolved before this court addresses the merits of plaintiffs' claims. For the reasons discussed below, plaintiffs' motion is denied.

## BACKGROUND[2]

Plaintiffs are related companies based in Virginia, West Virginia or Kentucky that produce, sell and export coal. Compl. ¶¶ 2–3. On January 25, 2002, almost ten years ago, plaintiffs filed a complaint in this court "seeking recovery of amounts paid by Plaintiffs to the United States in the form of reclamation fees imposed pursuant to 30 U.S.C. § 1232 [ (2006) ] with respect to coal sold in export, and seeking a judgment that 30 U.S.C. § 1232 is unconstitutional and void *ab initio* as applied to export sales of coal." Compl. ¶ 1. Similar suits were filed by a number of coal companies at about that time. Indeed, along with their complaint, plaintiffs in this case provided notice that a related case had been filed which presented the same challenge to § 1232—*Consolidation Coal Co. v. United States*, No. 01–254C (Fed. Cl. filed Apr. 27, 2001).

Defendant filed a motion to dismiss this case on March 26, 2002. One day after the briefing of defendant's motion was complete, plaintiffs filed a motion to stay this case pending resolution of *Consolidation Coal*, Case No. 01–254C, a motion which was unopposed.[3] On July 2, 2002, this case was stayed pending the resolution of *Consolidation Coal*. On February 4, 2004, the stay in this case was ordered to continue until "the final resolution of *Consolidation Coal*." Order of Feb. 4, 2004, at 2.

Consolidation Coal eventually produced a final resolution, but that resolution was long in coming. First, this court dismissed the case for lack of jurisdiction. *Consolidation Coal Co. v. United States*, 54 Fed.Cl. 14 (2002) (*Consolidation Coal I* ). Upon appeal, the United States Court of Appeals for the Federal Circuit reversed. *Consolidation Coal Co. v. United States*, 351 F.3d 1374 (Fed.Cir.2003) (*Consolidation Coal II* ). Upon remand, this court ruled for the plaintiffs. *Consolidation Coal Co. v. United States*, 64 Fed.Cl. 718 (2005) (*Consolidation Coal III* ). Upon appeal, the Federal Circuit reversed that decision. *Consolidation Coal Co. v. United States*, 528 F.3d 1344 (Fed.Cir. 2008) (*Consolidation Coal IV* ).

Upon remand, this court found for the government on cross-motions for summary judgment, and dismissed the case. *Consolidation Coal Co. v. United States*, 86 Fed.Cl. 384 (2009) (*Consolidation Coal V* ). The Federal Circuit affirmed, *Consolidation Coal Co. v. United States*, 615 F.3d 1378 (Fed.Cir. 2010) (*Consolidation Coal VI* ), and denied rehearing and rehearing en banc on October 12, 2010. Finally, the United States Supreme Court denied the appellants' petition for *certiorari* on June 13, 2011. *Consolidation Coal Co. v. United States*, —— U.S. ——, 131 S.Ct. 2990, 180 L.Ed.2d 821 (2011).

Plaintiffs do not argue that their case can be distinguished from *Consolidation Coal*. Furthermore, although plaintiffs deny any "gamesmanship trying to circumvent the [negative] precedent set by the Federal Circuit in *Consolidation Coal* [*VI*]," they appear to recognize that their motion to continue the stay asks this court to delay this litigation until the day "if and when the Supreme Court overturns the reasoning of *Consolidation Coal* [*VI*]." Pls.' Reply at 3. The first of many steps in plaintiffs' scenario leading to the reversal of the binding precedent of *Consolidation Coal VI* would be the resolution of a suit filed by another coal producer challenging the constitutionality of § 1232—*Coal*

---

1. All page citations to plaintiffs' motion are to the accompanying memorandum of law.

2. The court makes no findings of fact in this opinion, and does not reach the merits of plaintiffs' claims. The facts recited here are taken from the complaint and from the briefing of plaintiffs' motion.

3. Plaintiffs also requested that this case be transferred to the judge presiding over *Consolidation Coal*, a request that was denied.

*River Energy, LLC v. Salazar*, No. 1:11–cv–01648–RMC (D.D.C. filed Sept. 13, 2011) (*Coal River*). Defendant opposes plaintiffs' motion to continue the stay in this case.

## DISCUSSION

### I. Standard of Review

■ The seminal case describing the discretion of a trial court to stay litigation is *Landis v. North Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In *Landis*, "[t]he controversy hinge[d] upon the power of a court to stay proceedings in one suit until the decision of another, and upon the propriety of using such a power in a given situation." *Id.* at 249, 57 S.Ct. 163. The essence of the rule established in *Landis* can be gleaned from these few sentences:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.... [The trial court's discretion is] abused by a stay of indefinite duration in the absence of a pressing need.

*Id.* at 254–55, 57 S.Ct. 163 (citations omitted).

The Federal Circuit has applied the *Landis* standard in a number of cases. *See, e.g., Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed.Cir.1997). In *Cher-* *okee Nation*, the Federal Circuit, after finding that a stay order was not justified by a pressing need, also noted that a trial court has a duty to exercise its jurisdiction and to decide controversies. *Id.* at 1418 (citations omitted). This duty may be "effectively vitiate[d]" by a lengthy stay which requires that the parties await the resolution of a case filed in another court. *Id.*

None of the other decisions cited by the parties, with one exception, is persuasive precedent.[4] As defendant notes, however, Judge Futey recently denied a motion to continue a stay that is on all fours with the motion that is ruled upon here. *See Consolidation Coal Co. v. United States*, 102 Fed.Cl. 489 (2011) (*Consolidation Coal B*). The only significant distinction between *Consolidation Coal B* and this case is the fact that this case has already been stayed significantly longer than the consolidated cases in *Consolidation Coal B*.[5] Thus, plaintiffs face an even greater hurdle in this case than in *Consolidation Coal B*—to persuade this court that it should further delay the resolution of a case already almost ten years old.

### II. Analysis

■ The court need not address the merits of plaintiffs' claims presented in the complaint, because the only issue before the court at this time is a procedural one. Simply put, plaintiffs assert that the Federal Circuit wrongly decided *Consolidation Coal VI*, and they should be permitted a chance, now that *certiorari* has been denied in that litigation, to await a circuit split and to then await an overruling of *Consolidation Coal VI* by the Supreme Court.[6] Plaintiffs argue that *Coal River* will lead to a circuit split between the Federal Circuit and the United States Court of Appeals for the District of Columbia Circuit, relying on the trial court's opinion in, and the appellate court's affirmance of, *Drummond Coal Co. v. Hodel*, 610

---

4. Particularly unhelpful are citations to cases discussing the standard for issuing a stay upon appeal. *See* Pls.' Mot. at 5 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). The procedural posture of this case is unlike that of a case where the merits have been decided and an appellant seeks a stay of the trial court's order during the pendency of an appeal.

5. The *Consolidation Coal B* cases were filed in 2005, 2007 and 2009.

6. Plaintiffs, in their reply brief, have noted that they would advocate in the alternative for a shorter stay, one that endures until the trial court resolves *Coal River*. Pls.' Reply at 5.

F.Supp. 1489 (D.D.C.1985), aff'd, 796 F.2d 503 (D.C.Cir.1986).[7] Plaintiffs assure the court that the *Coal River* litigation "will provide compelling reason for the Supreme Court to [overturn the ruling in *Consolidation Coal VI* ]." Pls.' Mot. at 7. The court notes that plaintiffs' expectations regarding the fate of *Consolidation Coal VI* are speculative, without expressing an opinion as to the merits of the parties' arguments in this regard.

In support of their motion, plaintiffs suggest that the government will not be harmed by additional years of delay, whereas plaintiffs might be forced to forgo the claim they advance, however slowly, in this court. Pls.' Mot. at 1, 10. Plaintiffs also argue, somewhat incongruously, that a continuation of the stay will prevent "unnecessary further proceedings," such as a motion to re-open the judgment eventually issued in this case, or future motions for a stay of judgment. Pls.' Reply at 3 n. 3, 5. The court notes that, in the distant past, plaintiffs argued for a stay because the resolution of *Consolidation Coal* "w[ould] likely resolve many or all of the issues in this case, making trial of this case unnecessary, or limiting the scope of the issues for trial." Pls.' Transfer/Stay Mot. ¶ 5; Joint Status Report of January 23, 2004, at 2. Apparently plaintiffs' view of "unnecessary further proceedings" has evolved over the course of this litigation.

### A. No Pressing Need

As this court reads *Landis*, both of the versions of the continued stay requested by plaintiffs, either a stay pending final resolution of *Coal River* (and the resolution of a circuit split by the Supreme Court), or a stay just providing the time needed for the trial court to issue a decision on the merits of *Coal River*, are of indefinite duration. Stays of indefinite duration require a showing of a pressing need. *Landis*, 299 U.S. at 255, 57 S.Ct. 163. It is clear that the burden of showing a pressing need is on plaintiffs. *Id.* at 256, 57 S.Ct. 163. The court is not per-

suaded that plaintiffs have shown a pressing need to continue the stay in this case.

Plaintiffs assert that

fairness requires that Plaintiffs be entitled to recover damages in the amount of the taxes paid during the periods [this case has been] before this Court. If this case is not stayed, but instead dismissed by the Court, Plaintiffs will face substantial and irreparable harm. Plaintiffs believe that the United States will contend that Plaintiffs may not reopen their dismissed complaint and are precluded from recovering those damages.

Pls.' Mot. at 10. In their reply brief, plaintiffs argue that unless the stay in this case continues, the government may "retain unconstitutionally extracted taxes" and that such a result would be "unjust." Pls.' Reply at 6.

The court cannot agree that plaintiffs' disagreement with *Consolidation Coal VI* presents a pressing need that justifies an indefinite stay, after this case has already been stayed for almost ten years. The so-called pressing need articulated by plaintiffs, the government's retention of taxes alleged to be unconstitutional, was an issue fully litigated before the Federal Circuit by other coal companies in *Consolidation Coal VI*. The Federal Circuit rejected the coal companies' arguments when rehearing and rehearing en banc were denied on October 12, 2010. Plaintiffs' motion is nothing more than a collateral attack on *Consolidation Coal VI*.

*Landis*, under far more sympathetic circumstances, rejected an indefinite stay of one case to allow for Supreme Court review of a similar case filed in a different federal court. 299 U.S. at 256–57, 57 S.Ct. 163. Those cases had been filed within a day of each other. *Id.* at 249–50, 57 S.Ct. 163. Here, plaintiffs ask that a case filed in 2002 be stayed to await the final resolution of a case filed in 2011. Piling stay upon stay in these circumstances could only be justified by a pressing need far greater than the one presented in this case. Here, plaintiffs' original litigation strategy of requesting a stay so that *Consoli-*

---

7. Plaintiffs also rely on cases decided in another circuit. Pl.'s Mot. at 18–19. It is unclear whether plaintiffs anticipate a circuit split between the Federal Circuit and the United States Court of Appeals for the Fourth Circuit, as well.

*dation Coal* could efficiently resolve these coal producers' challenges to § 1232 failed to produce the result that they wished. Plaintiffs are disappointed litigants, not litigants who have identified a pressing need for the continuation of an already lengthy stay.

Furthermore, the court notes that the *Coal River* case was filed only after the denial of *certiorari* in *Consolidation Coal.* Thus, plaintiffs' request for a stay is founded on a coordinated litigation strategy that is not far removed from forum shopping.[8] It is inequitable for a court to allow a litigant to file a duplicative suit elsewhere and to then stay the earlier-filed case in the less-favored forum. *See A & D Tech., Inc. v. C.E.E., LLC,* No. 09–11662, 2009 WL 2448551, at *12 (E.D.Mich. Aug. 10, 2009) (refusing, where the defendant had responded to a suit by filing a second, duplicative suit in another district court, to grant a stay of the first suit). It would also be inequitable to provide a stay to a litigant whose legal issue was tried and lost in one circuit, so that the issue could be tried in a later-filed suit in another circuit in hopes of a more favorable result. The norm provides that it is the earlier-filed suit which proceeds to adjudication, and plaintiffs have not shown a pressing need to continue a stay already in place for many years. *See Landis,* 299 U.S. at 257, 57 S.Ct. 163 (stating that "the burden of making out the justice and wisdom of a departure from the beaten track [of proceeding with litigation without a stay] lay heavily on the petitioners, suppliants for relief, and discretion was abused if the stay was not kept within the bounds of moderation").

This court sees no pressing need for a continued stay, either for the final resolution of *Coal River,* or for the trial court's disposition of *Coal River* on the merits. The risk of an unfavorable decision from the Federal Circuit was always present, and these plaintiffs could have filed a suit elsewhere if they so chose. Plaintiffs made a considered decision as to their choice of forum—that decision's consequences do not constitute a

pressing need for a continued stay. *See Consolidation Coal B,* 102 Fed.Cl. at 494 ("Staying litigation in order to let plaintiffs have a second bite at the apple does not establish a compelling need.").

**B. Damage to the Government**

Plaintiffs assert that any damage to the government caused by a continued stay would be "ephemeral at best."[9] Pls.' Reply at 3. The court disagrees. Since 2002, there have already been four attorneys representing the government on this case. Each of the cases challenging § 1232 in this court, and there are several, consumes the government's litigation resources. The government rightly asserts that "defendant has an interest in the active prosecution of [plaintiffs'] claim." Def.'s Resp. at 7. The court concludes that a continued stay of indefinite duration would indeed harm the government.

**C. Competing Interests**

Plaintiffs allege that the public interest is furthered by allowing them a chance to overturn *Consolidation Coal VI. See* Pls.' Mot. at 9 ("The public interest is served by the protection of [plaintiffs' constitutional] rights."). Plaintiffs also assert that a continued stay conserves judicial resources. *See* Pls.' Reply at 6 (stating that "a stay will serve the interests of judicial economy"). The court disagrees. The public interest in the rule of law is served by the finality of judgments, not by protracted collateral attacks on those judgments:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ … [a] collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.

---

8. On July 13, 2011, after *certiorari* was denied in *Consolidation Coal,* plaintiffs informed the court that *Coal River* would soon be filed in district court. Joint Status Report of July 13, 2011, at 1–2.

9. Ephemeral is an odd word choice for the harmful effects of a requested stay which, experience instructs, could easily last years.

**598**

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

The principle of judicial economy is expressed in Rule 1 of the Rules of the United States Court of Federal Claims (RCFC), which states that the rules of this court "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. A continued stay, adding further delay to this case filed in 2002, frustrates RCFC 1 and any rational understanding of the principle of judicial economy. Plaintiffs must now, after many years, face defendant's challenges to the complaint.

### CONCLUSION

Because the public interest, the principle of judicial economy and the harm to the government greatly outweigh plaintiffs' interest in overturning *Consolidation Coal VI*, the court denies plaintiffs' motion to continue the stay in this case. Because defendant's stayed motion to dismiss, filed in 2002, does not include recent precedent binding on this court, defendant's motion to dismiss is denied as moot. Defendant's request to file a motion for summary judgment within thirty days of this order is granted. Accordingly, it is hereby **ORDERED** that

(1) Plaintiffs' Motion to Continue Stay, filed October 14, 2011, is **DENIED;**

Defendant's Motion to Dismiss, filed March 26, 2002, is **DENIED** as moot;

Defendant's request to file a motion for summary judgment is **GRANTED;** and,

Defendant shall **FILE** its **Motion for Summary Judgment** on or before **January 27, 2012.**