**CLINCHFIELD COAL CO., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 02–69 C.

United States Court of Federal Claims.

May 31, 2012.

Robert M. Rolfe, Richmond, VA, for plaintiffs.

Tara K. Hogan, United States Department of Justice, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Todd M. Hughes, Deputy Director, Washington, DC, for defendant. Daniel W. Kilduff, United States Department of the Interior, Washington, DC, of counsel.

## OPINION

BUSH, Judge.

The court now has before it defendant's motion for summary judgment, filed January 20, 2012. In its motion, the government asserts that plaintiffs' claims are barred by precedent binding on this court, and are barred for lack of jurisdiction. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiffs are related companies based in Virginia, West Virginia or Kentucky that produce, sell and export coal. Compl. ¶¶ 2–3. On January 25, 2002, over ten years ago, plaintiffs filed a complaint in this court "seeking recovery of amounts paid by Plaintiffs to the United States in the form of reclamation fees imposed pursuant to 30 U.S.C. § 1232 [ (2006) ] with respect to coal sold in export, and seeking a judgment that 30 U.S.C. § 1232 is unconstitutional and void *ab initio* as applied to export sales of coal."

Compl. ¶ 1. Similar suits were filed by a number of coal companies at about that time. Indeed, along with their complaint, plaintiffs in this case provided notice that a related case had been filed which presented the same challenge to § 1232—*Consolidation Coal Co. v. United States*, No. 01–254C (Fed. Cl. filed Apr. 27, 2001).

Defendant filed a motion to dismiss this case on March 26, 2002. One day after the briefing of defendant's motion was complete, plaintiffs filed a motion to stay this case pending resolution of *Consolidation Coal*, Case No. 01–254C, a motion which was unopposed.[1] On July 2, 2002, this case was stayed pending the resolution of *Consolidation Coal*. On February 4, 2004, the stay in this case was ordered to continue until "the final resolution of *Consolidation Coal*." Order of Feb. 4, 2004, at 2.

*Consolidation Coal* had a long procedural history. First, this court dismissed the case for lack of jurisdiction. *Consolidation Coal Co. v. United States*, 54 Fed.Cl. 14 (2002) (*Consolidation Coal I*). Upon appeal, the United States Court of Appeals for the Federal Circuit reversed. *Consolidation Coal Co. v. United States*, 351 F.3d 1374 (Fed.Cir. 2003) (*Consolidation Coal II*). Upon remand, this court ruled for the plaintiffs. *Consolidation Coal Co. v. United States*, 64 Fed.Cl. 718 (2005) (*Consolidation Coal III*). Upon appeal, the Federal Circuit reversed that decision. *Consolidation Coal Co. v. United States*, 528 F.3d 1344 (Fed.Cir.2008) (*Consolidation Coal IV*). Upon remand, this court found for the government on cross-motions for summary judgment, and dismissed the case. *Consolidation Coal Co. v. United States*, 86 Fed.Cl. 384 (2009) (*Consolidation Coal V*). The Federal Circuit affirmed, *Consolidation Coal Co. v. United States*, 615 F.3d 1378 (Fed.Cir.2010) (*Consolidation Coal VI*), and denied rehearing and rehearing en banc on October 12, 2010. Finally, the United States Supreme Court denied the appellants' petition for *certiorari* on June 13, 2011. *Consolidation Coal Co. v.*

*United States*, —— U.S. ——, 131 S.Ct. 2990, 180 L.Ed.2d 821 (2011).

Defendant now asserts that the holdings in *Consolidation Coal IV* and *Consolidation Coal VI* control the outcome in this case. Plaintiffs agree that the precedent cited by defendant binds this court, but nonetheless contend that these two appeals before the Federal Circuit were wrongly decided. Plaintiffs seek to preserve their arguments for "possible further appellate review." Pls.' Resp. at 1.

## DISCUSSION

### I. Standard of Review

"[S]ummary judgment is a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir.1987) (internal quotations and citations omitted). The moving party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A summary judgment "motion may, and should, be granted so long as whatever is before the ... court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56[ ], is satisfied." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### II. Analysis

Plaintiffs concede that all of their claims in this suit depend on the assumption that the reclamation fees applied to the coal they sold to foreign buyers were unconstitutional. Pls.' Resp. at 1, 22–23. Plaintiffs also concede that their view of the law was rejected by the Federal Circuit in *Consolidation Coal IV* and *Consolidation Coal VI*. *Id.* at 1, 8. Plaintiffs further concede that there are no

---

1. Plaintiffs also requested that this case be transferred to the judge presiding over *Consolidation*   *Coal,* a request that was denied.

facts that distinguish this case from *Consolidation Coal. Id.* at 8. The court must, therefore, grant summary judgment to the government because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Plaintiffs' claims must be dismissed. *See Consolidation Coal Co. v. United States,* 104 Fed.Cl. 190 (2012) (*Consolidation Coal B* ) (dismissing that suit for the same reasons).

Defendant presses another argument, that plaintiffs' suit is also barred on limitations grounds. Defendant concedes that this argument was rejected by the Federal Circuit in *Consolidation Coal II.* Def.'s Mot. at 9. Defendant further concedes that this court is bound by *Consolidation Coal II* and by the precedent on which that decision relied. *Id.* Nonetheless, defendant seeks to preserve this argument for potential appellate review.

The court declines to address defendant's argument that the holding in *Consolidation Coal II* has been undermined by intervening Supreme Court precedent. As defendant recognizes, *Consolidation Coal II* has not been expressly overruled and the jurisdictional analysis in that decision binds this court. Def.'s Mot. at 9 (citing *Strickland v. United States,* 423 F.3d 1335, 1338 n. 3 (Fed. Cir.2005)). The court notes that defendant's jurisdictional argument was recently rejected in a similar case, *Consolidation Coal B,* 104 Fed.Cl. at 194–96, and must be rejected in this case as well.

## CONCLUSION

For the reasons set forth in this opinion, the court grants defendant's motion for summary judgment. Accordingly, it is hereby **ORDERED** that

(1) Defendant's motion for summary judgment, filed January 20, 2012, is **GRANTED;**

(2) The Clerk's Office is directed to **EN-TER** final judgment in favor of defendant, **DISMISSING** the complaint with prejudice; and,

(3) No costs.